# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JACQUES ALEXANDER CARR,

      Plaintiff,

v.                                                                  No. 1:24-cv-00957-SCY

EASTLAND COUNTY
CRIMINAL JUSTICE SYSTEM,

      Defendant.

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, Doc. 1, filed September 26, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 26, 2024 ("Application").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's income during the past 12 months was $11,248.81; (ii) Plaintiff's monthly expenses total $1,113.96; and (iii) Plaintiff is currently unemployed. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and because Plaintiff is unemployed.

**Order to Show Cause**

Plaintiff is a citizen of New Mexico. *See* Complaint at 1. Defendants Eastland County Criminal Justice System and Alaina Thompson are citizens of Texas. *See* Complaint at 1, 3. Plaintiff alleges Defendants made statements to Plaintiff, there were violations of Plaintiff's "civil, human, + constitutional rights," Plaintiff was raped and Plaintiff "was in Eastland, TX before here. The counts mentioned had occurred on my way here." Complaint at 3.

It appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 F. App'x 760, 763-764 (10th Cir. 2004).

It appears that the Northern District of Texas is the proper venue for this action. Defendants reside in, and it appears that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Texas. There are no allegations indicating that any of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico.

The Complaint does not contain sufficient information for the Court to determine whether to dismiss this case or to transfer the case to the Northern District of Texas. It is not clear from the Complaint whether Plaintiff's claims would be barred by a statute of limitations, whether Plaintiff's claims have merit, and whether the Court has personal jurisdiction over Defendants.

3

It appears Plaintiff's claims may be barred by a statute of limitations. Plaintiff alleges that some events occurred when Plaintiff was 19 and in his "early 20s." Complaint at 3. Plaintiff is now 26 years old. *See* Application at 5. The statute of limitations for Section 1983 claims arising in Texas is two years. *See King-White v. Humble Ind. School Dist.*, 803 F.3d 754, 761 (5th Cir. 2015). "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). There are no allegations in the Complaint indicating that any of the events giving rise to Plaintiff's case occurred during the past two years in Texas or during the past three years in New Mexico.

It is not clear from the name "Eastland County Criminal Justice System" what entity Plaintiff is asserting claims against. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity). There are no factual allegations showing that Eastland County Criminal Justice System is a suable entity.

The Complaint fails to state claims against Defendants. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007); *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). Plaintiff alleges

Defendant Eastland County Criminal Justice System "wanted to 'let me in on the joke that's your life.'" Defendant Thompson, who is a secondary English teacher at Eastland ISD, stated "something around the lines of some fast speech followed by 'This is our warning shot.'" Complaint at 3. There are no other allegations explaining what each Defendant did to Plaintiff, when and where each Defendant did it and what specific legal rights Plaintiff believes each Defendant violated.

Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over nonresident Defendants. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

The Court orders Plaintiff to show cause why the Court should not dismiss or transfer this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

## Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October

2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil

Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of

Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of

the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if
> specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 2, filed September 26, 2024, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss or transfer this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**