IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACQUES ALEXANDER CARR,

      Plaintiff,

v.                                                                                                No. 1:24-cv-00957-JCH-SCY

EASTLAND COUNTY
CRIMINAL JUSTICE SYSTEM and
ALAINA THOMPSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff is a citizen of New Mexico. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, Doc. 1, filed September 26, 2024 ("Complaint"). Defendants Eastland County Criminal Justice System and Alaina Thompson are citizens of Texas. *See* Complaint at 1, 3. Plaintiff alleges Defendants made statements to Plaintiff, there were violations of Plaintiff's "civil, human, + constitutional rights," Plaintiff was raped and Plaintiff "was in Eastland, TX before here. The counts mentioned had occurred on my way here." Complaint at 3.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff it appears that the District of New Mexico is not the proper venue for this action. *See* Order to Show Cause at 2, Doc. 4, filed September 27, 2024. The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

Judge Yarbrough stated:

> It appears that the Northern District of Texas is the proper venue for this action. Defendants reside in, and it appears that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Texas. There are no allegations indicating that any of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico.

Order to Show Cause at 3. Judge Yarbrough also notified Plaintiff: (i) it appears Plaintiff's claims may be barred by a statute of limitations because there are no allegations in the Complaint indicating that any of the events giving rise to Plaintiff's case occurred during the past two years in Texas or during the past three years in New Mexico; (ii) It is not clear from the name "Eastland County Criminal Justice System" what entity Plaintiff is asserting claims against and there are no factual allegations showing that Eastland County Criminal Justice System is a suable entity; (iii) The Complaint fails to state claims against Defendants because there are no other allegations

explaining what each Defendant did to Plaintiff, when and where each Defendant did it and what specific legal rights Plaintiff believes each Defendant violated; and (iv) The Complaint does not contain factual allegations showing that the Court has personal jurisdiction over nonresident Defendants. *See* Order to Show Cause at 4-5. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss or transfer this case and to file an amended complaint.

Plaintiff responded to the Order to Show Cause with a one-page Response and an Amended Complaint that the Clerk's Office docketed as one document. *See* Doc. 6 at 1, filed October 16, 2024 ("Response"). Plaintiff's Amended Complaint, which is dated September 17, 2024, nine days before he filed his original Complaint, is identical to the original Complaint with the following exceptions: (i) the original Complaint is not signed and is missing pages 5-6 of the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983;" and (ii) the original Complaint contains 65 pages of documents that are not included with the Amended Complaint. *See* Doc. 6 at 2-7 ("Amended Complaint").

The Response states: "The actions stated in my initial complaint occurred from Texas, + other states, + New Mexico. . . It had occurred in New Mexico . . .the actions I want brought to trial had still been in occurance [sic] when I had crossed state lines from Texas to New Mexico." Response at 1. The Amended Complaint, however, does not contain any factual allegations showing that Defendants reside in New Mexico or that a substantial part of the events or omissions giving rise to the claim occurred in New Mexico. The Court concludes that the District of New Mexico is not the proper venue for this action.

The Response does not address the issues of the statute of limitations, whether Defendant Eastland County Criminal Justice System is a suable entity, the lack of allegations explaining what each Defendant did to Plaintiff, when and where each Defendant did it and what specific legal

rights Plaintiff believes each Defendant violated, and whether the Court has personal jurisdiction over nonresident Defendants. The Court finds that it is not in the interest of justice to transfer this case to the Northern District of Texas because it does not appear that the alleged claims are likely to have merit. The Court must, therefore, dismiss this case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE